**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Ford Motor Credit Company** | ) | 05 137 S |
| **Vs.** | ) | **C.A. NO. 05-** |
| **Rhode Island Mack Sales & Service, Inc** | ) | |

## Complaint

1. The court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that the parties are diverse and plaintiff's damages exceed $75,000.00, exclusive of interest and costs.

2. Plaintiff Ford Motor Credit Company (hereinafter "Ford Credit") is a Delaware corporation with its principal place of business in Michigan. It is registered to do business in Rhode Island.

3. Defendant Rhode Island Mack Sales & Service, Inc. (hereinafter "Rhode Island Mack") is a Rhode Island corporation with its principal place of business in Rhode Island.

4. On or about April 21, 1999, Rhode Island Mack signed a written application entitled "Automotive Wholesale Plan-Application for Wholesale Financing and Security Agreement" (hereinafter "the Agreement"). A true and accurate copy of that document is attached as an exhibit.

5. Ford Credit accepted the application and it became the written agreement between the parties for Ford Credit to provide financing to Rhode Island Mack to acquire vehicles such as trucks and construction equipment from manufacturers and distributors for resale to Rhode Island Mack's customers.

6. Pursuant to the Agreement, Ford Credit advanced credit from time to time in behalf of Rhode Island Mack for wholesale financing of the defendant's truck inventory and equipment.

7. Rhode Island Mack failed to make one or more payments due Ford Credit under the Agreement, causing the Agreement to be in default.

8. Ford Credit has performed all conditions precedent to its right to accelerate the entire unpaid balance of said contract upon said default.

9. In accordance with the terms and conditions of said Agreement, Ford Credit declared the entire unpaid balance thereof immediately due and payable, which, at the time, amounted to $720,325.78.

10. Ford Credit has realized $328,949.51 in net sale proceeds for the commercially reasonable disposition at fair market value of the financed vehicles, leaving a final balance due Ford Credit from Rhode Island Mack of $391,376.27.

11. Demand for payment was duly made upon Rhode Island Mack on or before November 11, 2003.

WHEREFORE, plaintiff Ford Motor Credit Company hereby requests judgment in the amount of $391,376.27 plus interest, costs and attorney's fees.

Ford Motor Credit Company,

Thomas W. Lyons, R.I. Bar 2946
Strauss, Factor, Laing & Lyons
222 Richmond Street, Suite 208
Providence, R.I. 02903
Tel. (401)456-0700
Fax (401)421-4730
tlyons@straussfactor.com

Plaintiff hereby demands trial by jury.

Ford Motor Cre... Company

# AUTOMOTIVE WHOLESALE PLAN APPLICATION FOR WHOLESALE FINANCING AND SECURITY AGREEMENT

**To: Ford Motor Credit Company (hereinafter called "Ford Credit")** Date April 21, 1999

The undersigned Rhode Island Mack Sales & Service, Inc. (DEALER'S EXACT BUSINESS NAME) (hereinafter called "Dealer") of 80 Centre of New England Blvd. (STREET AND NUMBER), Coventry (CITY) RI (STATE) 02816 (ZIP CODE)

hereby requests Ford Credit to establish and maintain for Dealer a wholesale line of credit to finance new and used automobiles, trucks, truck-tractors, trailers, semi-trailers, buses, mobile homes, motor homes, other vehicles and other merchandise (hereinafter called the "Merchandise") for Dealer under the terms of the Ford Credit Wholesale Plan as set forth in the April, 1979 edition of the Ford Credit Dealer Manual entitled "Automotive Finance Plans for Ford Motor Company Dealers" or any subsequent edition thereof (hereinafter called the "Plan") and in connection therewith to make advances to or on behalf of Dealer, purchase instalment sale contracts evidencing the sale of Merchandise to Dealer by the manufacturer, distributor or other seller thereof, or otherwise extend credit to Dealer. In consideration thereof Dealer hereby agrees as follows:

**1. Advances by Ford Credit**

Ford Credit at all times shall have the right in its sole discretion to determine the extent to which, the terms and conditions on which, and the period for which it will make such advances, purchase such contracts or otherwise extend credit to Dealer (hereinafter called an "Advance" (individually) or "Advances" (collectively)), under the Plan or otherwise. Ford Credit may, at any time and from time to time, in its sole discretion, establish, rescind or change limits or the extent to which financing accommodations under the Plan will be made available to Dealer. In connection with the purchase of any such contract and/or other extension of credit, Ford Credit may pay to any manufacturer, distributor or other seller of the Merchandise the invoice or contract amount therefor and be fully protected in relying in good faith upon any invoice, contract or other advice from such manufacturer, distributor or seller that the Merchandise described therein has been ordered or shipped to Dealer and that the amount therefor is correctly stated. Any such payment made by Ford Credit to such manufacturer, distributor or seller, and any loan or other extension of credit made by Ford Credit directly to Dealer with respect to Merchandise of any type held by Dealer for sale, shall be an Advance made by Ford Credit hereunder and, except with respect to any Advance that is a purchase of an instalment sale contract, shall be repayable by Dealer in accordance with the terms hereof. All rights of Ford Credit and obligations of Dealer with respect to Advances hereunder that constitute the purchase by Ford Credit of an instalment sale contract shall be pursuant to the provisions of such contract.

From time to time Ford Credit shall furnish statements to Dealer of Advances made by Ford Credit hereunder. Dealer shall review the same promptly upon receipt and advise Ford Credit in writing of any discrepancy therein. If Dealer shall fail to advise Ford Credit of any discrepancy in any such statement within ten calendar days following the receipt thereof by Dealer, such statement shall be deemed to be conclusive evidence of Advances made by Ford Credit hereunder unless Dealer or Ford Credit establishes by a preponderance of evidence that such Advances were not made or were made in different amounts than as set forth in such statement.

**2. Interest and Service and Insurance Flat Charges**

Each Advance made by Ford Credit hereunder shall bear interest at the rates established by Ford Credit from time to time for Dealer, except that any amount not paid when due hereunder shall bear interest at a rate that is 4 percentage points higher than the current pre-default rate up to the maximum contract rate permitted by the law of the state where Dealer maintains its business as set out above. In addition to interest, the financing of Merchandise under the Plan shall be subject to service and insurance flat charges established by Ford Credit from time to time for Dealer.

Ford Credit shall advise Dealer in writing from time to time of any change in the interest rate and service and insurance flat charges applicable to Dealer and the effective date of such change. Such change shall not become effective, however, if Dealer elects to terminate this Agreement and pay to Ford Credit the full unpaid balance outstanding under Dealer's wholesale line of credit and all other amounts due or to become due hereunder in good funds within ten calendar days after the receipt of such notice by Dealer.

**3. Payments by Dealer**

The aggregate amount outstanding from time to time of all Advances made by Ford Credit hereunder shall constitute a single obligation of Dealer, notwithstanding Advances are made from time to time. Unless otherwise provided in the promissory note, instalment sale contract, security agreement or other instrument evidencing the same from time to time, Dealer shall pay to Ford Credit, upon demand, the unpaid balance (or so much thereof as may be demanded) of all Advances plus Ford Credit's interest and flat charges with respect thereto, and in any event, without demand, the unpaid balance of the Advance made by Ford Credit hereunder with respect to an item of the Merchandise at or before the date on which the same is sold, leased or placed in use by Dealer. Dealer also shall pay to Ford Credit, upon demand, the full amount of any rebate, refund or other credit received by Dealer with respect to the Merchandise.

If the promissory note, instalment sale contract, security agreement or other instrument evidencing an Advance or Advances is payable in one or more instalments, Ford Credit may from time to time in its sole discretion, extend any instalment due thereunder on a month-to-month basis, and, except as provided below or in any instalment sale contract, Ford Credit's failure to demand any such instalment when due shall be deemed to be a one month extension of the same. Any such extension, however, shall not obligate Ford Credit to grant an extension in the future or waive Ford Credit's right to demand payment when due. Following the sale, lease or use date of an item of the Merchandise, no instalment shall be deemed extended without Ford Credit's specific written consent, and Dealer agrees to pay the same, as required, without demand.

**4. Ford Credit's Security Interest**

As security for all Advances now or hereafter made by Ford Credit hereunder, and for the observance and performance of all other obligations of Dealer to Ford Credit in connection with the wholesale financing of Merchandise for Dealer, Dealer hereby grants to Ford Credit a security interest in the Merchandise now owned or hereafter acquired by Dealer and in the proceeds, in whatever form, of any sale or other disposition thereof; and Dealer hereby assigns to Ford Credit, and grants to Ford Credit a security interest in, all amounts that may now or hereafter be payable to Dealer by the manufacturer, distributor or seller of any of the Merchandise by way of rebate or refund of all or any portion of the purchase price thereof.

**5. Dealer's Possession and Sale of Merchandise**

Dealer's possession of the Merchandise shall be for the sole purpose of storing and exhibiting the same for sale or lease in the ordinary course of Dealer's business. Dealer shall keep the Merchandise brand new and subject to inspection by Ford Credit and free from all taxes, liens and encumbrances, and any sum of money that may be paid by Ford Credit in release or discharge of any taxes, liens or encumbrances on the Merchandise or on any documents executed in connection therewith shall be paid by Dealer to Ford Credit upon demand. Except as may be necessary to remove or transport the same from a freight depot to Dealer's place of business, Dealer shall not use or operate, or permit the use or operation of, the Merchandise for demonstration, hire or otherwise without the express prior written consent of Ford Credit in each case, and shall not in any event use the Merchandise illegally or improperly. Dealer shall not mortgage, pledge or loan any of the Merchandise, and shall not transfer or otherwise dispose of the same except by sale or lease in the ordinary course of Dealer's business. Any and all proceeds of any sale, lease or other disposition of the Merchandise by Dealer shall be received and held by Dealer in trust for Ford Credit and shall be fully, faithfully and promptly accounted for and remitted by Dealer to Ford Credit to the extent of Dealer's obligation to Ford Credit with respect to the Merchandise. As used in this paragraph 5, (a) "sale in the ordinary course of Dealer's business" shall include only (i) a bona fide

KNOW ALL MEN BY THESE PRESENTS: That the undersigned dealer does hereby make, constitute and appoint S. L. Owens, J. M. Walsh and F. H. Mason, all of Dearborn, Michigan and each of them and any other officer or employe of Ford Motor Credit Company, a Delaware corporation of Dearborn, Michigan, its true and lawful attorneys with full power of substitution, for and in its name, stead and behalf, to prepare, make, execute, acknowledge and deliver to Ford Motor Credit Company from time to time promissory notes or other evidences of indebtedness, bearing such rate of interest as Ford Motor Credit Company may require from time to time, and trust receipts, chattel mortgages and other title retention or security instruments necessary or appropriate in connection with the wholesale financing by Ford Motor Credit Company of merchandise for the undersigned dealer under the terms of the Ford Motor Credit Company Automotive Wholesale Plan, and generally to perform all acts and to do all things necessary or appropriate in discharge of the power hereby conferred, including the making of affidavits and the acknowledging of instruments, as if fully done by the undersigned dealer, and each of the said attorneys hereby is further authorized and empowered in the discharge of the power hereby conferred to execute any instruments by means of either a manual, imprinted or other facsimile signature or by completing a printed form to which an imprinted or other facsimile signature is then affixed.

This Power of Attorney is executed by the undersigned dealer to induce Ford Motor Credit Company to make advances for merchandise to be acquired by the undersigned dealer and recognizes that such advances are made to manufacturers, distributors and other sellers of such merchandise at places other than the undersigned dealer's place of business, and that it is impractical for the undersigned dealer to execute the promissory notes, trust receipts, chattel mortgages and other title retention or security instruments necessary or appropriate in connection with such advances without unduly delaying the delivery of such merchandise to the undersigned dealer. Accordingly, this Power of Attorney may be revoked by the undersigned dealer only by notice in writing addressed to Ford Motor Credit Company, Dearborn, Michigan by registered mail, return receipt requested, stating an effective date on or after the receipt thereof by Ford Motor Credit Company.

Dated this 21st day of April 1999

Witness or Attest: [signature]

Rhode Island Mack Sales & Service, Inc.
(DEALER'S EXACT BUSINESS NAME)

By [signature] Edward R. Lodge, Jr. Title V. P. of Finance

State of Rhode Island
ss.
County of Providence

On this 21st day of April, 1999, before me, the undersigned Notary Public, personally appeared Edward R. Lodge, Jr.

who acknowledged himself to be the V. P. of Finance (TITLE) of Rhode Island Mack Sales & Service, Inc. (DEALER'S NAME) the grantor of the foregoing Power of Attorney, and that he, being authorized so to do, executed the foregoing Power of Attorney for the purposes therein contained, by signing the name of the said grantor by himself in the capacity indicated.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

[signature]
NOTARY PUBLIC

My commission expires 6/18/01

( NOTARY'S SEAL )

## CERTIFIED COPY OF RESOLUTION OF BOARD OF DIRECTORS

The undersigned hereby certifies that he is the Secretary of Rhode Island Mack Sales & Service, Inc. (DEALER'S EXACT CORPORATE NAME)

of 80 Centre of New England Blvd., Coventry, RI 02816 (DEALER'S ADDRESS)

and that the following is a true, correct and complete copy of resolutions adopted by ~~the board of directors of the said~~ unanimous consent of corporation ~~xxxxxxxxxxxxx xxxxxx~~ on

April 20, 1999 at which a quorum was present and voting, and that said resolutions are unchanged and are now in full force and effect:

RESOLVED, That the officers of this corporation be, and each hereby is, authorized and empowered to execute and deliver on behalf of this corporation an Application for Wholesale Financing to Ford Motor Credit Company of Dearborn, Michigan in such form and upon such terms and conditions as the said Ford Motor Credit Company may require, and to execute and deliver from time to time promissory notes or other evidences of indebtedness, bearing such rate of interest as the said Ford Motor Credit Company may require from time to time, and trust receipts, chattel mortgages and other title retention or security instruments as, and in such form as, the said Ford Motor Credit Company may require, evidencing any financing extended by the said Ford Motor Credit Company to this corporation under the terms of the Ford Motor Credit Company Automotive Wholesale Plan.

FURTHER RESOLVED, That S. L. Owens, J. M. Walsh and F. H. Mason, all of Dearborn, Michigan, and each of them and any other officer or employe of the said Ford Motor Credit Company be and each of them hereby is constituted and appointed an attorney-in-fact of this corporation for the purposes set forth in the Power of Attorney presented to this board of directors this date, with full power of substitution, and the officers of this corporation are, and each of them hereby is, authorized and empowered to execute a formal Power of Attorney in such form.

FURTHER RESOLVED, That the officers of this corporation be, and each hereby is, authorized and empowered to do other things and to execute all other instruments and documents necessary or appropriate in the premises.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the corporate seal of the said corporation this 21st day of April, 1999.

[signature]
SECRETARY
Edward R. Lodge, Jr.

( CORPORATE SEAL )

MAY 07 2004 12:40 FR FORD MOTOR CREDIT 877 896 4457 TO 913135941216 P.06

TRANSMISSION VERIFICATION REPORT

TIME : 04/13/2005 10:51
NAME : STRAUSS FACTOR
FAX : 4014214730
TEL : 4014214730
SER.# : BROM3J951216

| | |
|---|---|
| DATE,TIME | 04/13 10:48 |
| FAX NO./NAME | 93319397 |
| DURATION | 00:01:55 |
| PAGE(S) | 05 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |