**United States District Court**
**District of Rhode Island**

Ford Motor Credit Company

Vs.

Rhode Island Mack Sales & Service

Commonwealth of Pennsylvania
County of Montgomery

**Affidavit of Sara O'Brien**

Sara O'Brien, being duly sworn, states

1. I am a Dealer Services Supervisor for Ford Motor Credit Company ("FMCC"). I have held this position since 1999. I make this affidavit on personal knowledge and the business records of FMCC.

2. Bering Truck Corporation was a national distributor for trucks manufactured by Hyundai Motor Company, a South Korean company.

3. FMCC had a financing relationship with Bering.

4. Bering is a separate legal entity from FMCC.

5. On or about April 21, 1999, FMCC entered into a wholesale financing agreement with R.I. Mack to finance its purchases of Bering vehicles, the "floor plan" financing. A true and accurate copy of this agreement is attached as Exhibit A. At the same time, R.I. Mack executed a "Power of Attorney for Wholesale" authorizing FMCC to sign promissory notes and security agreements with respect to vehicles R.I. Mack purchased from Bering and financed by FMCC. Exhibit B.

6. Generally speaking, R.I. Mack's financing, and the financing of other Bering dealers with which FMCC had floor plan financing, would work as follows. Bering would send an electronic report to FMCC that it has sold a vehicle to R.I. Mack including the price of the vehicle. FMCC would pay the purchase price to Bering, place the vehicle on R.I. Mack's floor plan, execute on R.I. Mack's behalf a promissory note and security agreement with respect to the vehicle and send that note and agreement to R.I. Mack with the next weekly transaction report which would also note the addition of the vehicle to the floor plan. The weekly register

reports and the floor plan agreement include provisions that require R.I. Mack to review the reports promptly and contact FMCC within ten (10) calendar days if it disagrees with any information on the report.

7. The documents within Exhibit C include true and accurate copies of the monthly activity registers that added to R.I. Mack's floor plan the 11 vehicles that are the subject of this lawsuit. FMCC paid a total of $608,125 for the purchase of these vehicles as follows:

| Serial No. | Price |
|---|---|
| KMFHB47AXYC115030 | $26,075.00 |
| KMFHB47A2YC111828 | $26,175.00 |
| KMFLB69B2YC004063 | $36,415.00 |
| KMFLB69B2YC004080 | $36,415.00 |
| KMFPB69B0YC005259 | $36,315.00 |
| KMFPB69B6YC005251 | $36,315.00 |
| KMFVC88D3YC003248 | $93,500.00 |
| KMFVC88D3YC003251 | $93,500.00 |
| KMFVC88D5YC003252 | $93,500.00 |
| KMFVC88D9YC003254 | $93,500.00 |
| KMFHBA742YC004065 | $36,415.00 |

8. FMCC no longer has copies of the actual promissory notes and security agreements with respect to these 11 vehicles. True and accurate copies of the forms of notes and agreements sent to R.I. Mack, and other Bering dealers, are attached as exhibits D and E.

9. R.I. Mack did not object to the inclusion of the 11 vehicles on its floor plan within ten (10) calendar days as required by the parties' agreement. Those vehicles remained on R.I. Mack's floor plan and FMCC continued to send it weekly and monthly registers that included those vehicles on its plan. R.I. Mack made monthly interest payments to FMCC that included those eleven vehicles.

10. On information and belief, on or about March 2001, R.I. Mack terminated its dealership agreement with Bering. See exhibit F. R.I. Mack requested that Bering take possession of the 11 vehicles and reimburse R.I. Mack or pay FMCC for the amounts on the floor plan attributed to those vehicles. R.I. Mack claims that its agreements with Bering obligated Bering to do this.

11. Bering never took possession of those vehicles and never reimbursed or paid FMCC for those vehicles.

12. Bering ceased operations in June 2001, and assigned its assets to FMCC.

13. On or about April 22, 2002, May 24, 2002, and November 11, 2003, FMCC made demand upon R.I. Mack for payment of its obligations under the floor plan financing agreement.

14. On or about June 10, 2002, R.I. Mack informed FMCC that it had terminated its dealership agreement with Bering and stated that it was not liable for payments on the 11 vehicles. (Exhibit G ). This was also the first time that R. I. Mack claimed that it had not purchased all 11 vehicles but instead claimed that 4 of the 11 vehicles were placed at R.I. Mack on consignment as a favor to Bering.

15. In or about October 2002, FMCC took possession of the 11 vehicles. FMCC contracted with James Byrne to sell all vehicles repossessed from Bering dealers for the highest possible price. The vehicles for sale were advertised on FMCC's website. R.I. Mack was aware of the website because it has purchased other vehicles from the website.

16. The total purchase price of the 11 vehicles that are the subject of this lawsuit is $608,125.00. The total interest and flat charges due to FMCC is $112,200.78. The total amount owed to Plaintiff is $720,325.78.

17. With respect to the 11 vehicles that are the subject of this lawsuit, FMCC obtained the following sales prices:

| Serial No. | Sales Date | Sale Proceeds | Expenses |
|---|---|---|---|
| KMFHB47AXYC115030 | 05/06/2003 | $16,000 | $0.00 |
| KMFHB47A2YC111828 | 04/28/2002 | $16,000 | $114.00 |
| KMFLB69B2YC004063 | 08/18/2003 | $16,367.61 | $5,386.00 |
| KMFLB69B2YC004080 | 06/25/2003 | $20,000 | $364.00 |
| KMFPB69B0YC005259 | 05/16/2003 | $22,320 | $364.00 |
| KMFPB69B6YC005251 | 07/01/2003 | $18,261.90 | $4,208.10 |
| KMFVC88D3YC003248 | 12/11/2002 | $50,000 | $0.00 |
| KMFVC88D3YC003251 | 03/18/2003 | $50,000 | $0.00 |
| KMFVC88D5YC003252 | 02/21/2003 | $50,000 | $250.00 |
| KMFVC88D9YC003254 | 04/16/2003 | $50,000 | $250.00 |
| KMFHBA742YC004065 | 09/04/2003 | $20,000 | $0.00 |

The total of the sales proceeds is $328,949.51. Expenses totaled: $10,936.10.

18. The total amount owed to Plaintiff of $720.325.78 is offset by proceeds from the subsequent sale of the 11 vehicles in the amount of $328.949.51. As a result, Plaintiff is owed $391,376.27.

Sara J. O'Brien

Sara O'Brien, Dealer Services Supervisor
Ford Motor Credit Company

Subscribed and sworn before me:

Tameka Darden

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tameka Y. Darden, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires Dec. 17, 2008
Member, Pennsylvania Association of Notaries

Certificate of Service