FILED
JUN 23 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FORD MOTOR CREDIT COMPANY<br><br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND MACK SALES & SERVICE, INC.,<br><br>Defendant. | ) | CASE NO. 05-137S |

**CONFIDENTIALITY CONSENT ORDER**

For good cause shown pursuant to Rule 26 of the Federal Rules of Civil Procedure and with the consent of the parties,

IT IS ORDERED as follows:

1. This Order shall govern the use and handling of all documents, testimony and information produced or given in this action which are designated "CONFIDENTIAL," in accordance with the terms hereof.

2. Any party producing or filing a document or other materials in this action may obtain confidential treatment for the information contained therein pursuant to this Order (a) by typing or stamping on the front of that document, or on the portion(s) of the document for which confidential treatment is desired, "CONFIDENTIAL" or (b) by designating the document as a whole as confidential in writing to opposing counsel prior to or contemporaneously with delivery of the document.

received
5/1/06

3. When used in this Order, the word "document" means all written, recorded or graphic matters whatsoever and copies thereof (whether identical or not), including, but not limited to, pleadings, motions, briefs, responses to discovery, transcripts of testimony, all records or information compilations made or maintained by electronic, photographic or mechanical means and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4. Any party giving deposition testimony in this action, whether through its officers, employees, directors or otherwise, may obtain confidential treatment therefore pursuant to this Order by designating the testimony deemed confidential either during the deposition or by written notice to the other party within thirty (30) days of receipt of the transcript.

5. Whenever any documents or transcripts afforded confidential treatment pursuant to this Order are introduced as exhibits, or otherwise utilized, in connection with deposition testimony given in this action, counsel introducing such exhibits, or using such information in the examination of a witness, shall advise the reporter that the portions of the testimony which refer thereto and the exhibits themselves shall be afforded confidential treatment pursuant to this Order. The reporter shall mark the face of the transcript with the words "CONFIDENTIAL" and indicate which portions of the transcript are confidential. The portion of the transcript so marked may only be filed under seal.

6. To the extent that any motions, briefs, pleadings, deposition transcripts or other papers to be filed with the Court incorporate documents or information subject to this Order, they must be filed under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be filed and made part of the public record of this proceeding without a motion for impoundment.

7. All documents or other materials subject to this Order, and all information derived therefrom, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purposes or for any purpose whatsoever other than the preparation for and conduct of any hearing or trial in this action in accordance with the provisions of this Order. No person whose identity is unknown to a party but for disclosure in a Confidential document shall be contacted by that party until such time as settlement negotiations have ended. Settlement negotiations will have ended when a party has provided written notice to that effect.

8. Except with the prior written consent of the party asserting confidential treatment or the prior Order of the Court, after notice as provided in Paragraph 11 hereof, any document or transcript afforded confidential treatment pursuant to this Order, and any information contained in, or derived from, any such document or transcript, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than the Court and:

(a) Parties to this litigation;

(b) Counsel of record for the respective parties to this litigation;

(c) Clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in the preparation of this litigation;

(d) Accountants, economists, analysts or other independent experts retained as advisors, consultants or expert witnesses;

(e) Deposition and trial witnesses and their counsel of record, but only such confidential information and confidential documents as were written by or to such witness or refer to such witness or his employer, where counsel believes, in good faith, that disclosure is necessary in connection with the examination or preparation of such witness;

(f) To a trial or deposition witness during the course of examination where counsel conducting such examination believes, in good faith, that disclosure is necessary to develop the testimony of such witness.

No person to whom documents or information subject to this Order are disclosed pursuant to the provisions of subparagraphs (e) and (f) shall be given a copy of any such documents or information to take from the place of deposition, trial or preparation, nor shall any such person be permitted to make notes of or otherwise reproduce any such documents or information or be given summaries or compilations of

any such documents or information, including any information contained therein or derived therefrom.

ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED from using same except in the preparation for and conduct of any hearing or trial in this action and from disclosing same to any other person, except as provided herein. No person receiving or reviewing such confidential documents, information or transcript shall disclose it or its contents to any person other than those described in this paragraph and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Any person to whom disclosure is made pursuant to Paragraph 8 of this Order (other than counsel of record in these proceedings and paralegal, secretarial or other personnel regularly employed thereby and assisting in the preparation for trial and trial of this action) shall be advised concerning the terms of this Order and shall be given a copy of this Order.

10. For the convenience of the Clerk of the Court, any document or transcript designated as "CONFIDENTIAL" may, at the option of counsel for any party to this action, be held by counsel under the terms of this Order and not filed under seal with the Court until the time of any hearing in or the trial of this action. Any document or transcript designated as "CONFIDENTIAL" which is filed with the Court shall be

maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties until further Order of this Court.

11. Whenever a party objects to the designation of documents, transcripts or other information as confidential pursuant to this Order, it may apply to the Court by motion for a ruling that the document, transcript or other materials shall not be so treated after giving ten (10) days' written notice of such objection to the party asserting such confidential treatment. Until this Court enters an order, if any, changing the designation of the document or transcript, it shall be afforded the confidential treatment provided for in this Order.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed and a written verification of such destruction shall be provided to counsel for the producing party within the sixty (60) day period. Any portions of such excluded materials, containing extracts, summaries or compilations taken from materials afforded confidential treatment pursuant to this Order shall be destroyed upon the final termination of this litigation, and a written verification of such destruction shall be provided to counsel for the producing party within said sixty (60) day period.

13. In the event any party intends to utilize documents or information subject hereto at any hearing or at trial in this action, that party shall notify counsel which has asserted confidentiality with respect to such materials of such intention, with specificity, five (5) days in advance of the hearing or trial or as soon as otherwise practicable. Counsel asserting confidentiality may then undertake to obtain further orders, agreements or procedures as are necessary to preserve the confidentiality asserted.

14. Nothing contained herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of documents and transcripts afforded confidential treatment pursuant to this Order.

15. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court, upon motion and notice.

SO ORDERED, this 27 day of June 2006

[signature]

UNITED STATES DISTRICT JUDGE

CONSENTED TO:

_______________________________